# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #048

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **24th day of October, 2025** are as follows:

**BY Cole, J.:**

2024-C-01565    FIRST PAY, INC.   VS.   ELTON DUKES (Parish of East Baton Rouge)

REVERSED; TRIAL COURT JUDGMENT REINSTATED. SEE OPINION.

Hughes, J., dissents and assigns reasons.

SUPREME COURT OF LOUISIANA

No. 2024-C-01565

FIRST PAY, INC.

VS.

ELTON DUKES

**On Writ of Certiorari to the Court of Appeal, First Circuit,
Parish of East Baton Rouge**

**COLE, J.**

We granted this writ to consider whether La.R.S. 13:3923, as amended by 2022 La. Acts No. 265, provides a trial court discretion to reopen and reconsider a judgment *pro confesso* against a garnishee. Given the unique facts presented by this case, and applying the well settled rules on statutory interpretation, we reverse the judgment of the court of appeal and reinstate the city court's September 27, 2023 judgment, which vacated its original April 12, 2023 judgment, in favor of Richard D. Bankston Attorney at Law, Inc. and against Quantix, SCS, LLC.

## FACTS AND PROCEDURAL HISTORY

In 2017, Plaintiff, First Pay, Inc. ("First Pay"), obtained a judgment in the City Court of Baton Rouge against Defendant, Elton Dukes, in the amount of $32,873.04 (of which $20,338.04 was interest), together with interest thereon from the date of judicial demand at the rate of 33.00% per year, attorney's fee of 25% of the principal and interest, and all costs.[1] As calculated to the present date, the sum due now exceeds $100,000.

On September 21, 2022, Richard D. Bankston Attorney at Law, Inc. ("Mr. Bankston"), the sole beneficiary of this judgment as the successor in interest to First Pay, filed a Petition for Garnishment against Quantix, SCS, LLC ("Quantix"),

---

[1] Pursuant to the record evidence, this loan commenced with the purchase of a vehicle with a stated purchase price of $3,995.00 together with certain fees.

asserting good reason to believe Quantix employed Mr. Dukes or was indebted to him or had property or effects in its possession or control belonging to Mr. Dukes. *See* La. C.C.P. art. 2411(A). The city court issued an Order of garnishment on September 27, 2022. On October 5, 2022, Quantix received personal service of the petition and interrogatories seeking information pertaining to Mr. Dukes' alleged employment with Quantix and information as to any property held or debt owed by Quantix to Mr. Dukes. Quantix did not answer the petition or interrogatories within the time delays allowed by law. *See* La. C.C.P. art. 2412(D).

On March 7, 2023, Mr. Bankston filed a Motion for Judgment Pro Confesso. Quantix was served on March 20, 2023. On March 22, 2023, Quantix provided written answers to interrogatories, sworn to under oath, to Mr. Bankston. Quantix's answers to interrogatories informed Mr. Bankston that Quantix: did not employ Mr. Dukes; was not indebted to him; did not possess or control property of any description belonging to him; and was never responsible for any of his debts. Quantix also provided the name and contact information of the individual Quantix believed employed Mr. Dukes. Quantix did not file its answers into the record.

The trial court set the rule to show cause for April 12, 2023. Quantix received notice of the hearing date but did not appear. An associate in Mr. Bankston's firm attended the hearing on behalf of Mr. Bankston. During the hearing, the court directly asked the associate: "So back to First Pay, Inc. No one has responded and you want to 'T' it up and make the rule absolute against this -- [?]" She responded:

> Yes. This is a judgment pro confesso. . . . I'll put on the events. The garnishment was filed September 21st of 2022. It was personally served on Quantix SCS, LLC . . . on October 5th of 2022. That was personal service. Answers were due on or about 11/5 of 2022 -- November 5th. And we filed this judgment pro confesso on March 7th, 2023, which was after our office did try to -- we spoke with a person at Quantix's [sic] that told us that we needed to speak with a Laura Branch. We left a message with her. She never returned our call, so we filed this judgment pro confesso. It was served on Quantix SCS, LLC on March 20th of 2023. And based on that, your honor, and civil code of procedure [sic] article 2413, which governs this proceeding[,] Quantix

2

-- Quantix's failure to file proper garnishment answers prior to the filing of our contradictory hearing is prima facia proof there for the total judgment amount.

The court was not informed that Mr. Bankston had received Quantix's sworn answers to interrogatories responding that Mr. Dukes was never employed by Quantix and providing the name and contact information of the individual Quantix believed was Mr. Dukes' employer. The court concluded that Mr. Bankston had never heard from Quantix, despite having received answers to interrogatories with sworn facts, prior to the court proceeding, establishing it was not a proper garnishee.

After the hearing, an April 12, 2023 judgment was rendered against Quantix and in favor of Mr. Bankston in the amount of "$32,873.04 (of which $20,338.04 is interest), together with interest thereon from the date of judicial demand (May 20, 2016) at the rate of 33% per year until paid in full, all costs of these proceedings, and an additional attorney's fee of $200.00 pursuant to La. C.C.P. Art. 2413[.]" A Notice of Signing of Judgment was mailed to the parties on April 12, 2023.

On June 28, 2023, Quantix filed a Motion to Re-open Garnishment Proceedings pursuant to La.R.S. 13:3923[2] and to set aside the prior judgment against

---

[2] Louisiana Revised Statutes 13:3923 provides:

A. It shall not be necessary that more than one writ of garnishment or one set of interrogatories be served in a garnishment proceeding, but the court shall render judgment for the monthly, semimonthly, weekly, or daily payments to be made to the seizing creditor according to the manner best suited to the circumstances, until the indebtedness is paid. The garnisher shall serve upon the garnishee the citation, the petition, the garnishment interrogatories, the notice of seizure, and a statement of sums due under the garnishment, such statement to include but not be limited to the principal, interest, court costs incurred to date, and attorney fees due under the judgment. The court, in its discretion, may reopen the case upon the motion of any party concerned for evidence affecting the proper continuance of the garnishment judgment, and the court shall retain jurisdiction to amend or set aside its garnishment judgment at any time in its discretion; however, all effects of the seizure by garnishment shall cease upon the termination of employment of the debtor with the garnishee, unless the debtor is reinstated or reemployed within one hundred eighty days after the termination. Should judgment by default be taken against any party garnishee, he may obtain a reopening of the case upon proper showing and within the discretion of the court.

B. Nothing in this Section is meant to affect judgments rendered pursuant to Code of Civil Procedure Article 2413.

it. Quantix asserted it never employed Mr. Dukes, was never indebted to him, and was never responsible for any of his debts. In its memorandum in support of its motion, Quantix maintained that it had informed Mr. Bankston of this information in the interrogatories it provided to him three weeks before the hearing.

In support of its motion, Quantix attached its answers to interrogatories, the Petition for Garnishment, the Motion for Judgment Pro Confesso, and the April 12, 2023 judgment. It also attached the affidavit of Blake Deitrich, General Counsel for Quantix, who attested: he had previously notified Mr. Bankston in writing and by phone that Mr. Dukes was never employed by Quantix and was never on Quantix's payroll; he notified Mr. Bankston who Mr. Dukes' employer was and provided his contact information; Debra Corbin, an employee in Quantix's payroll department, provided Mr. Bankston responses to the garnishment interrogatories on or about March 22, 2023; and the interrogatory responses confirmed Mr. Dukes was never employed by Quantix and provided Mr. Dukes' current employer and contact information. Finally, Mr. Deitrich attested Quantix was never indebted to Mr. Dukes and it did not have any property or effects in its possession or control belonging to Mr. Dukes. Also attached to Quantix's memorandum was the affidavit of Shellie Madsen, the Payroll Manager for Quantix, who attested that "[a]fter a thorough review of applicable Quantix personnel files and other relevant documents," she confirmed that Mr. Dukes "has never been a Quantix employee and has never, in any manner, been on the Quantix payroll."

Mr. Bankston filed an opposition contending the Motion to Re-open Garnishment Proceedings was an impermissible motion to set aside or reopen a *pro confesso* judgment. Mr. Bankston argued although La.R.S. 13:3923(A) allows a court to reconsider a garnishment judgment that is of a continuing nature, *i.e.* a garnishment of wages, it does not authorize a court to reopen or reconsider a *pro*

4

*confesso* judgment rendered pursuant to La. C.C.P. art. 2413,[3] which is a money judgment. Mr. Bankston's opposition was confined to a legal argument on the interpretation of La.R.S. 13:3923 and did not dispute Quantix's representations that it provided him the information showing that it was not a proper garnishee prior to the hearing.

Quantix responded that the court **could** reopen the proceedings, especially where "[t]he April 12 hearing transcript confirmed that, despite having direct knowledge that Quantix did not employ Dukes and was never indebted to Dukes, Bankston proceeded with the hearing and did not inform this Court of those facts." Quantix further argued La.R.S. 13:3923(B) does not foreclose the court's discretion in reopening the proceedings or modifying the existing judgment. It noted Section B omits any mandatory term (such as "shall"), in favor of a permissive term ("meant to"), regarding any such effect. Finally, Quantix asserted La.R.S. 13:3923(A) states that all effects of the garnishment, including any payments from any judgment, "shall cease upon the termination of employment of the debtor with the garnishee[.]" Therefore, since Quantix never employed Mr. Dukes, by operation of law, any judgment of garnishment could not be enforced.[4]

---

[3] Louisiana Code of Civil Procedure Article 2413 provides:

> A. If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs. . . . The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs.

> B. Judgment shall be rendered against the garnishee on trial of the motion unless he proves that he had no property of and was not indebted to the judgment debtor. If on the trial of such motion, the garnishee proves the amount of such property or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, as provided in Article 2415.

> C. Regardless of the decision on the contradictory motion, the court shall render judgment against the garnishee for the costs and a reasonable attorney fee for the motion.

[4] Both parties also discussed *Tower Credit, Inc. v. Williams*, 2022-0106 (La.App. 1 Cir. 9/16/22), 352 So.3d 1029, *writ granted, judgment vacated in part*, 2022-01556 (La. 2/7/23), 354 So.3d 659,

Following a hearing on August 30, 2023, the city court granted Quantix's Motion to Re-open Garnishment Proceedings and vacated its April 12, 2023 judgment. The court explained:

> I'm going to end this right now. Before we get to the part of whether the statute applies or not applies, . . . there's an allegation that on the April 12th hearing, and the transcript confirmed it, that there was knowledge that this company did not employ Mr. Dukes. And it was not --
> . . . .
> given to the court. Truly, it's relevant because it gives me the right to have a new trial on that issue.

This excerpt makes clear the court was not informed of the sworn answers to interrogatories having been provided before the April 12, 2023 hearing. The trial court signed a judgment on September 27, 2023, granting Quantix's motion to vacate and set aside the April 12, 2023 judgment.

Mr. Bankston appealed. A five-judge panel of the court of appeal, by a vote of 3-2, reversed and reinstated the original city court judgment in favor of Mr. Bankston. *First Pay, Inc. v. Dukes*, 2023-1272 (La.App. 1 Cir. 11/20/24) 405 So.3d 1066. Thereafter, this Court granted Quantix's writ of certiorari. *First Pay, Inc. v. Dukes*, 2024-01565 (La. 4/1/25), 403 So.3d 596.

## DISCUSSION

As set forth at the outset, Quantix's writ was granted to consider whether La.R.S. 13:3923, as amended by 2022 La. Acts. No. 265, provides a trial court discretion to reopen and reconsider a judgment *pro confesso*. Because the issue presented in this case is one of statutory interpretation, we are mindful of the well-settled rule that "[t]he starting point for the interpretation of any statute is the language of the statute itself." *McBride v. Old Republic Ins. Co.*, 2024-01519, p. 14 (La. 6/27/25), 413 So.3d 452, 467 *(quoting Bergeron v. Richardson*, 2020-01409, p.

---

which Quantix cited in support of its position. Because we pretermit the merits of the court's ability to reopen the garnishment proceedings under La.R.S. 13:3923, a discussion of *Tower Credit* is unnecessary.

3 (La. 6/30/21), 320 So.3d 1109, 1111). A foundational interpretive directive codified into Louisiana law is that "[w]hen a law is clear and unambiguous **and its application does not lead to absurd consequences**, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." *Id.* (citing La. C.C. art. 9 emphasis supplied).

Applying these basic principles of statutory interpretation, we agree with the majority of the court of appeal that La.R.S. 13:3923 is clear and unambiguous. *First Pay, Inc.*, 405 So.3d 1066. However, this does not end the inquiry because, as stated above, La. C.C. art. 9 requires *both* that the law be clear and unambiguous *and* that its application not lead to absurd results. In this case, the trial court was not informed before the hearing that Mr. Bankston had, in fact, received Quantix's sworn answers to interrogatories—**which denied any involvement with the purported debtor-employee.** Precluding reopening this proceeding, where the trial court's judgment was based upon the omission of material information, would lead to a demonstrably absurd result. La. C.C. art. 9.[5]

The statutory scheme "is not meant to provide a basis for a judgment in favor of judgment creditors against employers who may be tardy, but nonetheless establish that they hold no property due the creditor. . . . 'If the law were otherwise, garnishees could be, and would often be, mulcted for the benefit of persons to whom they are due nothing.'" *Tower Credit, Inc. v. McGee*, 2023-0787, p. 9 (La.App. 1 Cir. 9/6/24), 405 So.3d 612, 618, *writ denied sub nom. TKTMJ, Inc. v. Sewerage & Water Bd. of New Orleans*, 2024-00660 (La. 10/23/24), 394 So.3d 1287, and *writ denied*, 2024-01392 (La. 1/28/25), 399 So.3d 418 (quoting *Tower Credit, Inc. v. Williams*, 352

---

[5] This Court has previously described circumstances where the statute is clear but *not* given effect as "rare." *Pumphrey v. City of New Orleans*, 2005-0979, p. 14 (La. 4/4/06), 925 So.2d 1202, 1211. Likewise, in an unrelated case, Judge Windhorst aptly explained: "Absurd consequences are certainly a rare occurrence, and rightly so. The label of absurd consequences cannot be employed as a pretext for getting around a statute." *Gulf Title Corp. v. Thomas*, 2024-349, p. 1 (La.App. 5 Cir. 4/9/25), 413 So.3d 1233, 1246 (Windhorst, J., dissenting in part).

So.3d at 1037 (Chutz, J., dissenting)). *See also First Pay v. Dukes*, 405 So.3d at 1078 (Miller and Stromberg, J.J., dissenting) (citing *Tower Credit v. McGee*, 405 So.3d at 618) ("[T]he goal of a garnishment proceeding is to seize a debtor's property in the hands of a third-party employer - not to force Louisiana employers/garnishees to turn over property they do not possess, nor to make employers/garnishees the guarantors of their employees' debt.").

Under Louisiana law as duly enacted by the legislature, when a statute is not clear, ***or when its application leads to absurd consequences***, courts must resort to secondary rules of statutory interpretation to resolve the case. *Borcik v. Crosby Tugs, L.L.C.*, 2016-1372, pp. 4-5 (La. 5/3/17), 222 So.3d 672, 675. La. C.C. art. 9. In such cases, the statute must be interpreted as having the meaning that best conforms to the purpose of the law. *Id.* Here, the purpose of the garnishment law, and permitting judgments *pro confesso* more specifically, is to allow a creditor to seize a debtor's property in the hands of a third-party employer. In reviewing a judgment, that purpose is not advanced when information material to a decision is withheld from the court regarding a garnishee's responses.

For the foregoing reasons, we find the court of appeal did not properly complete the requisite statutory analysis under La. C.C. art. 9. Although we find La.R.S. 13:3923 is clear and unambiguous, we reverse the court of appeal and reinstate the trial court's September 27, 2023 judgment, finding the application of La.R.S. 13:3923 in this case and under these facts leads to absurd results.

What began as a small debt owed by Mr. Dukes has resulted in a judgment against Quantix in excess of $100,000, with interest still accruing. This has occurred notwithstanding Quantix's consistent denial of any relationship with Mr. Dukes at all. Upon reopening of the proceedings, if Quantix disproves the codal prima facie presumption and bears its burden to prove that it was never Mr. Dukes' employer, was never indebted to him, and was never responsible for any of his debts, then

8

Quantix should not owe this judgment. Significant to our decision, Mr. Bankston is both a counsel of record and the underlying judgment creditor. Under these unique facts, Quantix should be given its day in court to prove Mr. Dukes was not its employee. The trial court should allow Mr. Bankston any needed time for discovery.

## DECREE

For the foregoing reasons, we reverse the court of appeal and reinstate the September 27, 2023 judgment, which vacated its original April 12, 2023 judgment, in favor of Richard D. Bankston Attorney at Law, Inc. and against Quantix, SCS, LLC in the amount of $32,873.04, together with interest, costs and attorney's fees.

**REVERSED; TRIAL COURT JUDGMENT REINSTATED.**

**SUPREME COURT OF LOUISIANA**

**No. 2024-C-01565**

**FIRST PAY, INC.**

**VS.**

**ELTON DUKES**

On Writ of Certiorari to the Court of Appeal, First Circuit, Parish of East Baton Rouge

**Hughes, J., dissents.**

In this garnishment case garnishee Quantix "did not answer the petition or interrogatories within the time delays allowed by law."

"Quantix did not file its answers into the record."

"The trial court set the rule to show cause (to obtain a Judgment Pro Confesso pursuant to Code of Civil Proc. art. 2413) for April 12, 2023. Quantix received notice of the hearing date but did not appear."

There is nothing absurd about judgment being rendered against parties who fail to appear. It happens every day in courtrooms across the state, from protective orders and evictions to multi-million dollar default judgments. The remedy is to appeal based on legal error, not rely on "equity".

The trial court was legally required to` render judgment against Quantix on April 12, 2023 regardless of the content of any irrelevant discussion held, and that judgment is unassailable, L.R.S. 13:3923 (B) (Nothing in this Section is meant to affect judgments rendered pursuant to Code of Civil Procedure 2413).

I fear the certainty of collections law will suffer if an equity disguised as "absurdity" argument is introduced. I respectfully dissent and would affirm the Court of Appeal.